Judge Underwood
delivered the opinion of the Court.
The ancestor of the appellants, filed his bill to enjoin further proceedings, upon a judgment recovered against him, in an action of ejectment by the ancestor of the appellees. Both the original parties having died, Skinner’s heirs, revived the suit against Ingrams heirs. The appellees were brought before the court, by publication. They never answered the bill, but their ancestor answered it, in his lifetime, denying the equity asserted by the ancestor of the appellants, and calling for full proof.
County court1 certificates forland, must-contain a “special location, describing, as accurately as may be, the land contemplated to be included in the certifi- * cate,” They must possess, not only “identity, but-such notoriety and description, as that others wishing to make subsequent appropriations, may find and avoid them.”
The circuit court dismissed the bill with costs, and Skinner’s heirs appealed.
The controversy turns upon the validity of a certi" ficate, for 200 acres of land, granted by the Living* ston county court, in 1802, to Jacob Harrold, No. 339, in these words, “Jacob Harrold, is entitled to 200 acres of land, in Livingston county, on the north side of Cumberland river, beginning at the lower corner oí Scott’s land,running up the river, for compliment.”
The act of assembly, of 1800, in virtue of which, the county courts granted certificates, required that the certificate should contain “a special location, describing as accurately as may be, the land contemplated to be included in said certificate;” II. Dig. 752. Walker vs. Monroe, II. Marshall, 403. By this act-county court certificates are required to possess “not only identity, but such notoriety and description, as that others, wishing to make subsequent appropriations, might find and avoid them,” Biggerstaff vs. M’Ilheney’s heirs, III. Litt. 150. We 'are of opinion,- that the claim of the appellants, does not possess any of these requisites of the law. It does not appear that Scott owned any land on Cumberland river, as the certificate imports. The appellants, attempt to attach it, to a military survey of General’ Charles Scott, which they prove, was once made and withdrawn, and that the survey, thus made for General Scott, had acquired notoriety at the date of 1he certificate. Its "withdrawal was equally well known at that time, and it does not appear, that the land, embraced by it, ever acquired any notoriety, as Scott’s land. No one could have imagined, with the certificate before him, thatthe location meant, land which Scottdid notown, by the call for Scott’s land, nor is there any descripr tion given, as to the part of the river, on which the land of Scott was situated, or what Scott was meant. The certificate, is therefore fatally defective.
The ancestor of the appellees, having answered' the bill in his lifetime, contesting the equity alleged in the bill, and it not appearing, that the appellees had-any personal knowledge of the fácts, charged in the original bill, to which the bill of revivor merely refers,, it was proper on the part of the circuit court, to refuse *212 to take the bill pro confesso, against them, and to de? cree according to the prayer of the bill.
Depew, for appellants; Crittenden, for appellees.
The decree of the circuit court, is affirmed with costs and damages, on the amount of damages decreed, below.